OPINION
{¶ 1} Appellant Jeff Mills appeals the maximum sentence imposed by the Ashland County Court of Common Pleas. The following facts give rise to this appeal.
 {¶ 2} On November 1, 2002, appellant pled guilty to one count of robbery and one count of sexual imposition. The trial court delayed sentencing and ordered a presentence investigation report. On December 9, 2002, the trial court conducted a sentencing hearing and sentenced appellant to the maximum term of eight years for the count of robbery and a concurrent sixty-day term for the count of sexual imposition.
 {¶ 3} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 4} "I. THE IMPOSITION OF A MAXIMUM SENTENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."
 I {¶ 5} Appellant maintains, in his sole assignment of error, the trial court's decision to impose the maximum sentence for the count of robbery is against the manifest weight of the evidence and contrary to law. We disagree.
 {¶ 6} An appellate court may not disturb an imposed sentence unless if finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1); Statev. Garcia (1998), 126 Ohio App.3d 485, 487. Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Garcia at 487.
 {¶ 7} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the presentence investigation report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1) through (3). The sentence imposed, by the trial court, should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender."
 {¶ 8} Pursuant to R.C. 2929.14(C), a trial court may impose the maximum sentence under the following conditions:
 {¶ 9} "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 10} This statute is to be read in the disjunctive. See Statev. Comersford (June 3, 1999), Delaware App. No. 98CAA01004, at 3. Accordingly, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply.
 {¶ 11} The transcript of the sentencing hearing indicates the trial court imposed the maximum sentence because appellant poses the greatest likelihood of committing future crimes. Tr. Sentencing Hrng., Dec. 9, 2003, at 9. In reaching this conclusion, the trial court reviewed certain portions of the presentence investigation report. The trial court noted that appellant has an extensive juvenile record and has been incarcerated twice as an adult. Id. at 7. At the time appellant committed the current offenses he was on community control sanctions. Id. The trial court found appellant to be dangerous to the community. Id. The trial court also found no factors were present to establish that recidivism was unlikely. Id. at 8.
 {¶ 12} Further, the victims suffered serious psychological and economic harm and were traumatized. Id. at 8-9. Id. at 8-9. The trial court determined that since appellant has previously served two prison terms, the shortest prison term would not be appropriate. Id. at 9. We find the above language by the trial court sufficient to meet the mandates set forth in R.C. 2929.14(C).
 {¶ 13} Alternatively, we also note that we do not know the specific contents of the presentence investigation report or any of the victim impact statements as appellant did not make them a part of the record. In State v. Untied (Mar. 5, 1998), Muskingum App. No. CT97-0018, we addressed the issue of failure to include the presentence investigation report and stated:
 {¶ 14} "Appellate review contemplates that the entire record be presented. App.R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 400 N.E.2d 384. The presentence investigation report could have been submitted "under seal" for our review.
 {¶ 15} "Without the cited information and given the trial court (sic) findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence or `contrary to law." Id. at 7.
 {¶ 16} We reach the same conclusion, in the case sub judice, because appellant failed to include in the record the presentence investigation report and the victim impact statements.
 {¶ 17} Thus, we conclude the imposition of the maximum sentence for the count of robbery was not against the manifest weight of the evidence as the trial court properly followed the sentencing guidelines set forth in the Revised Code and appellant failed to make the presentence investigation report and victim impact statements part of the record for our review.
 {¶ 18} Appellant's sole assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Boggins, J., concur.